UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0113-CVE |
| | ) | |
| CARL RUSSELL IRVING, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Amended Motion for Continuance and to Amend Scheduling Order (Dkt. # 17).[1] This case is set for trial on September 9, 2013. Defendant Carl Russell Irving is charged with conspiracy to possess with intent to distribute one kilogram or more of heroin. Defendant made his initial appearance on August 2, 2013, and the Federal Public Defender for the Northern District of Oklahoma was appointed to represent him. Dkt. # 6. The Federal Public Defender subsequently learned of a conflict of interest and moved to withdraw as defense counsel. Dkt. # 12. The Court granted the motion to withdraw and appointed Neal Kirkpatrick to represent defendant. Dkt. # 13. Kirkpatrick states that he has not received discovery from the government. Dkt. # 16, at 1-2. Defendant has filed a motion to continue all deadlines in the scheduling order (Dkt. # 11), because his newly appointed attorney will not have time to draft pretrial motions or prepare for trial under the current scheduling order. Defendant has executed a speedy trial waiver (Dkt. # 16-1), and he asks the Court to enter a new scheduling order extending all deadlines by at least 30 days. Dkt. # 17, at 1.

---

[1] Defendant filed a motion for continuance (Dkt. # 16) in which he mistakenly requested only an extension of the motions deadline. Defendant has filed an amended motion (Dkt. # 17) clarifying that he seeks an extension of all deadlines in the scheduling order.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion (Dkt. # 17) and finds that it should be granted. Under the current scheduling order, defendant was required to file pretrial motions no later than August 16, 2013. However, Kirpatrick was not appointed to represent defendant until August 6, 2013 and he has not even received pretrial discovery from the government. See Dkt. # 16, at 1-2. The Court has entered a protective order (Dkt. # 18) that should facilitate the government's production of pretrial discovery, but defense counsel will still need additional time to review the discovery and possibly draft pretrial motions. Defendant and his attorney must also be given adequate time to review the discovery and determine whether defendant will change his plea or exercise his right to a jury trial. The Court will continue the trial of this matter to the October 2013 jury trial docket. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion for Continuance and to Amend Scheduling Order (Dkt. # 17) is **granted**. The jury trial set for September 9, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | September 23, 2013 |
| Responses due: | October 7, 2013 |
| **PT/CP/Motions Hearing:** | **October 15, 2013 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | October 15, 2013 |
| **Jury Trial:** | **October 21, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between September 9, 2013 and October 21, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that Defendant's Motion for Continuance and to Amend Scheduling Order (Dkt. # 16) is **moot**.

**DATED** this 19th day of August, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE